Amanda F. Esch (Wyo. State Bar #6-4235)
Catherine M. Young (Wyo. State Bar #7-6089)
DAVIS & CANNON, LLP
P.O. Box 43
Cheyenne, WY  82003
Telephone:  307/634-3210
Fax:  307/778-7118
amanda@davisandcannon.com
catherine@davisandcannon.com

*Counsel for Defendants*
*Buffalo Bill Memorial Association,*
*Kelly Jensen, Rebecca West,*
*Corey Anco, and Melissa Hill*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BONNIE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | )    21-cv-00092 |
| v. | ) |
| | ) |
| BUFFALO BILL MEMORIAL | ) |
| ASSOCIATION, KELLY JENSEN, | ) |
| PETER SEIBERT, REBECCA WEST, | ) |
| COREY ANCO, NATHAN HORTON | ) |
| And MELISSA HILL, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Defendants Buffalo Bill Memorial Association (the Center), Kelly Jensen, Rebecca West, Corey Anco, and Melissa Hill, by and through their undersigned counsel, hereby reply to Plaintiff's Response to Motion to Dismiss, as follows:

**ISSUES RAISED BY PLAINTIFF'S OPPOSITION**

Plaintiff's Response to Defendants' Motion to Dismiss largely reproduces the Complaint's allegations. As a result, it is difficult to discern whether Plaintiff has made any substantive

arguments in response to Defendants' motion, or what they might be. In an effort to avoid rearguing the points and authorities made in their motion, U.S.D.C.L.R. 7.1(b)(2)(C), Defendants attempt to identify any arguments made in Plaintiff's response and counter them accordingly, relying on their initial brief where appropriate.

## ARGUMENT

### I. Defendants have applied the correct standard of review to Plaintiff's claims.

As Plaintiff notes, the standard of review Defendants cite is "spot on." *Response* at p. 2, ¶ 3.[1] Nevertheless, Plaintiff spends much of her response asserting that Defendants argue for a heightened standard of review. *See, e.g. Response* at p. 10, ¶ 7.

In reality, Defendants rely on well-developed precedent requiring the Plaintiff to offer more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Townsend-Johnson v. Cleveland*, 494 Fed. App'x 833, 835 (10th Cir. 2012); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190-91 (10th Cir. 2012); *Robinson v. Rimex*, 2019 WL 12497605, at *2 (D. Wyo. Aug. 19, 2019); *Biles v. Schneider*, 2019 WL 12498012, at *1 (D. Wyo. July 16, 2019); *USI Ins. Servs., LLC v. Craig*, 2018 WL 9868577, at *2 (D. Wyo. Aug. 9, 2018). *Khalik v. United Air Lines*, which Plaintiff relies on heavily for her position, acknowledges that such allegations are not entitled to the assumption of truth. 671 F.3d at 1193; *see also* Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.) (July 2021 update) (stating that the district court need not accept "sweeping legal conclusions cast in the form of factual allegations" as true). Indeed, *Khalik* disregarded several of that Plaintiff's allegations due to their conclusory nature, including allegations that:

---

[1] Plaintiff has copied and pasted large sections of her Complaint into her Response. As a result, the numbering used throughout her Response is not a useful tool to direct the Court's attention to any sections. As such, Defendants cite the page and paragraph number in an effort to accurately identify the sections of Plaintiff's response they are referring to.

> (1) she was targeted because of her race, religion, national origin and ethnic heritage; (2) she was subjected to a false investigation and false criticism; and (3) Defendants' stated reasons for the termination and other adverse employment actions were exaggerated and false, giving rise to a presumption of discrimination, retaliation, and wrongful termination.

*Khalik*, 671 F.3d at 1193-94. Taking the remaining facts as true, *Khalik* held that her claims were not plausible under the *Twombly/Iqbal* standard. *Id.*

The conclusory allegations in Plaintiff's Complaint are strikingly similar to those disregarded in *Khalik* (a case which Plaintiff also considers controlling), and Defendants ask for nothing beyond the standard cited and applied there. Defendants' motion specifically identifies the conclusory allegations in Plaintiff's Complaint that are not entitled to the assumption of truth. *See, e.g. Defendants' Supporting Brief* at 7-8. As analyzed in Defendants' motion, accepting the remaining allegations as true and viewing them in the light most favorable to the Plaintiff, the allegations do not state plausible claims for relief. *See generally Supporting Brief.*

## II. Defendants have not argued that Plaintiff is required to satisfy the *McDonnell Douglas* burden shifting framework in her Complaint.

Plaintiff appears to take issue with Defendants citing to the *McDonnell Douglas* framework used to analyze the merits of Title-VII discrimination claims. *See Response* at p. 17, ¶ 14. As Plaintiff acknowledges, however, Defendants do not argue that she is required to establish a prima facie case under *McDonnell Douglas* in her Complaint. *Id.*; *see also Defendants' Supporting Brief* at 6. Instead, as precedent states, the Court may evaluate a discrimination claim's plausibility by considering the elements of the prima facie case of discrimination she would need to prove at trial. *Mormon v. Campbell Cty. Mem. Hosp.*, 632 Fed. Appx. 927, 933 (10th Cir. 2015); *Khalik*, 671 F.3d at 1192. In some of Plaintiff's claims, she does not even state all the prima facie elements in her Complaint, much less plausibly state all elements. *See Defendants' Supporting Brief* at p. 9.

Courts can and should consider the elements of a claim in a 12(b)(6) framework. *Khalik*, 671 F.3d at 1192.

### III. The documents attached to Plaintiff's response do not satisfy EEOC administrative exhaustion requirements.

To date, Exhibit 1 attached to Defendants' brief in support of their motion to dismiss is the only charging document the EEOC has provided to Defendants. Plaintiff's response supplies additional documents submitted to the EEOC, consisting of an intake questionnaire, letter, and draft complaint filed prior to Plaintiff's Charge of Discrimination. Plaintiff asserts that these documents should also be considered in determining whether Plaintiff exhausted her administrative remedies. Plaintiff's argument is contrary to Tenth Circuit precedent.

Defendants acknowledge that in certain circumstances an EEOC intake questionnaire can constitute a charge for purposes of EEOC administrative exhaustion requirements if it contains required information and can reasonably be construed as a request that the EEOC take remedial action on an employee's claim of discrimination. *Federal Exp. Corp. v. Holowecki*, 552 U.S. 389 (2008) (stating that a wide range of documents may constitute an EEOC charge depending on the circumstances and holding that an EEOC intake questionnaire and affidavit constituted a charge for purposes of EEOC exhaustion requirements); *Carson v. Cudd Pressure Control, Inc.*, 299 Fed. App'x 845, (10th Cir. 2008) (holding that Plaintiff complied with exhaustion requirement where he filed numerous submissions with the EEOC alleging discrimination, stating the name of his employer, and stating his "expectations" of "back pay, front pay and reinstatement of stock incentives").

However, the Tenth Circuit has held that "[n]othing in *Holowecki* indicates that an intake questionnaire must be treated as a charge, no matter the circumstances." *Green v. JP Morgan Chase Bank Nat'l Ass'n*, 501 Fed. App'x 727, 731 (10th Cir. 2012). In *Holowecki:*

> [T]he Supreme Court held that a filing other than a formal charge may be deemed to be a charge if it contains the required information and can reasonably be construed as a request for agency action. But in *Holowecki,* the claimant had filed *only* an intake questionnaire (along with a supplemental affidavit) before filing her lawsuit; she filed a formal charge only after filing her complaint. Thus, *Holowecki* did not address the situation in this case, where a claimant files an initial intake questionnaire, then timely files a formal charge that becomes the basis of the agency's investigation, all before commencing a lawsuit.

*Id.* (citations omitted) (emphasis in original).

Distinguishing the circumstances of *Holowecki*, the Tenth Circuit reasoned that "it would defeat the statutory scheme to find exhaustion where an employee includes a claim in the intake questionnaire, but then omits it in a timely subsequent formal charge that forms the basis for the administrative proceedings." *Id.* (citing *Barzanty v. Verizon Pa., Inc.*, 361 Fed. App'x 411, 415 (3d Cir. 2010)). Thus, although the plaintiff in *Green* had alleged retaliation in a pre-charge intake questionnaire, the court held that he had failed to exhaust his administrative remedies as to the retaliation claim because it was not incorporated in his subsequent and timely formal charge of discrimination. *Id.*; *see also Barzanty*, 361 Fed. App'x at 415 (3d Cir. 2010) ("A plaintiff cannot be allowed to transfer the allegations mentioned only in the questionnaire to the charge itself. Not only would this be circumventing the role of the Commission, but it would be prejudicial to the employer."); *Hartwell v. Sw. Cheese Co., LLC*, 276 F. Supp. 3d 1188, 1223 (D.N.M. 2016) ("although an Intake Questionnaire may have been allowed to support exhaustion if Plaintiff had failed to file a formal charge, once Plaintiff submitted her Charge, that document was controlling for exhaustion purposes.");. *Ahuja v. Detica Inc.*, 873 F.Supp.2d 221, 230 (D.D.C. 2012) ("permitting Title VII plaintiffs to routinely reach back to the contents of intake questionnaires to expand the scope of a subsequent lawsuit would, if not eviscerate, then at the very least significantly undermine the policies underlying the exhaustion requirement Congress decided to impose upon Title VII plaintiffs").

The circumstances here are the same as those at issue in *Green*, not *Holowecki*. Plaintiff signed the intake questionnaire attached to her response as a "Potential Charging Party" on October 7, 2019. *See* Exhibit 1/ECF Document 11 p. 33 of 92. It was received on December 9, 2019. *Id.* p. 27 of 92. Plaintiff signed her subsequent formal charge as the charging party on December 30, 2019. *See* Exhibit 2/ECF Document 11 p. 92 of 92. It was received on January 2, 2020. *Id.* p. 91 of 92. Thus, the formal charge was subsequent to the intake questionnaire and became controlling for exhaustion purposes.[2] Accordingly, the Court should consider Defendants' exhaustion argument based solely on the formal Charge of Discrimination attached to their motion.

### IV. Plaintiff fails to state a claim against any individual defendant.

Plaintiff argues that Defendants' argument that Count I fails to state a claim against any individual defendant is "premature." *See Response* at p. 18, ¶ 18. The Plaintiff supports her argument by quoting places in the Complaint where individual defendants are identified. *See Response* at pp. 17-20, ¶¶ 8-24. Because Plaintiff offers nothing of substance in response to Defendants' argument on this issue, Defendants rest on their opening brief.[3]

---

[2] Plaintiff claims that the charge was generated by the EEOC. *See Response* at pp. 17-18, ¶¶ 15, 17. "[E]ven assuming that to be the case, 'because a plaintiff has an opportunity to review [her] charge prior to signing it, courts are reluctant to excuse [a plaintiff's failure to exhaust] on the grounds that the EEOC [or FEP Agency] investigator failed to include certain information in the charge.'" *Ahuja*, 873 F. Supp. 2d at 230 (alterations in original) (quoting *Marcelus v. Corr. Corp. of Am.,* 540 F.Supp.2d 231, 236 (D.D.C.2008)); *see also Novitsky v. Am. Consulting Eng'rs, L.L.C.,* 196 F.3d 699, 702 (7th Cir.1999) ("If [the plaintiff] had been dissatisfied with the staff's understanding of her answers, all she had to do was point this out and ask for an addition.").

[3] Plaintiff only responds to the argument that she has failed to state a claim against any individual as it concerns Count I. Defendants have raised this issue with regard to all Counts and also rest on their brief for the remaining Counts.

## V. Plaintiff does not address Defendants' argument on Count II, Retaliation for Reporting.

Plaintiff does not appear to contest Defendants' argument that Count II fails because it does not allege retaliation for opposition to any practice made unlawful by Title VII or the ADEA. Accordingly, Defendants rest on their opening brief for Count II.

## VI. Whether Exhibits 3 and 4 created an implied employment contract is a question of law properly determined by the Court on a motion to dismiss.

Plaintiff argues that whether an implied employment contract exists is a question of fact inappropriate for resolution on a motion to dismiss. *See Response* at pp. 20-21, ¶ 21. To the contrary, a Court examines as a matter of law whether a disclaimer is sufficiently conspicuous and unambiguous to avoid formation of an implied contract. *Worley v. Wyo. Bottling Co., Inc.*, 1 P.3d 615, 621 (Wyo. 2000); *Arch of Wyoming, Inc. v. Sisneros*, 971 P.2d 981, 984 (Wyo. 1999). Further, an employee cannot reasonably rely on an employer's conduct or statements to support the existence of an employment contract where a disclaimer has sufficiently informed her of her at-will status. *Andrews v. Southwest Wyo. Rehab. Ctr.*, 974 P.2d 948, 952 (Wyo. 1999). Thus, because Plaintiff attached the documents supposedly forming an implied employment contract to her Complaint, the Court may properly consider them to determine as a matter of law whether their disclaimers were sufficiently conspicuous and unambiguous to preclude contract formation. *Worley*, 1 P.3d at 621; *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008).

## VII. Plaintiff's Count V, Defamation of Character fails to state a claim for relief.

To the extent that Plaintiff argues Defendants advocate for a heightened standard of review on Plaintiff's defamation claim, *see Response* at p. 21-22, ¶¶ 22-23, Defendants reiterate that they have correctly applied the Rule 12(b)(6) standard of review. *See generally Defendants' Supporting*

*Brief* and Discussion *supra* Section I. Defendants' rest on their opening brief as to why Count V, Defamation of Character, fails to state a claim for relief.

### VIII. Plaintiff's Count VI, Intentional Infliction of Emotional Distress fails to state a claim for relief.

To the extent that Plaintiff argues Defendants advocate for a heightened standard of review on Plaintiff's intentional infliction of emotional distress claim, *see Response* at p. 22, ¶ 24, Defendants reiterate that they have correctly applied the Rule 12(b)(6) standard of review. *See generally Defendants' Supporting Brief* and Discussion *supra* Section I. Defendants note that they do not argue that Plaintiff has to prove damages at this stage. She does, however, have to allege more than "naked assertions" of damages devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Beyond that, Defendants' rest on their opening brief as to why Count VI, Intentional Infliction of Emotion Distress fails to state a claim for relief.

### CONCLUSION

Defendants have correctly cited and applied the Rule 12(b)(6) standard of review. The Court should not consider the additional EEOC documents attached to Plaintiff's *Response*. Whether Exhibits 3 and 4 created an implied employment contract is a question of law for the Court. In short, none of Plaintiff's arguments salvage her claims.

WHEREFORE Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety.

Dated this 5th day of August, 2021.

                              DAVIS & CANNON, LLP

                              /s/ *Amanda F. Esch*
                              Amanda F. Esch (Wyo. State Bar #6-4235)
                              Catherine M. Young (Wyo. State Bar #7-6089)
                              P.O. Box 43
                              Cheyenne, WY  82003
                              Telephone:  307/634-3210
                              Fax:  307/778-7118
                              amanda@davisandcannon.com
                              catherine@davisandcannon.com

                              *Counsel for Defendants*
                              *Buffalo Bill Memorial Association,*
                              *Kelly Jensen, Rebecca West,*
                              *Corey Anco, and Melissa Hill*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August, 2021, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing, to the following:

Christopher J. King
P.O. Box 552
Worland, WY 82401
chris@wyoattorney.com

                              /s/ *Amanda F. Esch*
                              Amanda F. Esch